UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles Estes d/b/a OEM-Tech
and Alia Estes

      v.                                    Civil No.  19-cv-822-LM
                                              Opinion No. 2019 DNH 179
ECMC Group, Inc. d/b/a
Educational Credit
Management Corporation


O R D E R

Charles and Alia Estes, proceeding pro se, brought suit in
New Hampshire state court against Educational Credit Management
Corporation ("ECMC"), alleging violations of state and federal
laws arising out of ECMC's efforts to collect Alia's debt.[1]  ECMC
removed the case to this court.  Before the court are the
following motions: (1) plaintiffs' "motion for consideration,"
which seeks to disqualify ECMC's counsel, Sulloway & Hollis PLLC
("Sulloway") (doc. no. 5); (2) plaintiffs' motion for leave to
file an amended motion for consideration (doc. no. 14); (3)
ECMC's motion to seal its objection to plaintiffs' motion for

_____

[1] ECMC states in its notice of removal that although
plaintiffs name as defendant "ECMC Group, Inc, d/b/a Education
Credit Management Corporation," that is a misnomer.  It asserts
that ECMC is a subsidiary of ECMC Group, Inc., a non-profit
corporation headquartered in Minneapolis, Minnesota.  See doc.
no. 1 at 1 n.1.  Because the parties agree that the defendant in
this case is based in Minnesota, an issue that is relevant to
plaintiffs' motion to remand, the court need not resolve the
discrepancy over defendant's proper name at this time.

consideration and exhibits attached to its objection (doc. no. 13); and (4) plaintiffs' motion to remand the case to state court (doc. no. 6).

I.  <u>Motion for Leave to File Amended Motion for Consideration</u>

In their motion for consideration, plaintiffs raise a purported conflict of interest which they argue requires Sulloway to be disqualified from representing ECMC in this case. Specifically, they argue in their motion that Charles Estes is the firm's current client by virtue of his status as a residual beneficiary of a trust for which a Sulloway attorney serves as co-trustee.[2]  They contend that New Hampshire Rule of Professional Conduct 1.7 requires Sulloway's disqualification.

In their motion for leave to file an amended motion for consideration ("motion for leave"), plaintiffs state that their original motion did not fully express their concerns over Sulloway's continued involvement in the case.  They attach with their motion for leave a proposed amended motion for consideration.  <u>See</u> doc. no. 14-1.  In the proposed amended motion, plaintiffs cite two additional Rules of Professional Conduct (Rules 1.6 and 1.9), and state that Sulloway must be

---

[2] The trust is The Lloyd W. Hawkensen Marital Income Trust (the "Marital Trust").

disqualified for the additional reason that the firm has
represented Charles in various legal matters in the past.

Although ECMC objects to plaintiffs' motion for leave, it
responded in its objection to the merits of plaintiffs' proposed
amended motion for consideration.  The court therefore grants
plaintiffs' motion for leave to file an amended motion for
consideration.  In light of plaintiffs' pro se status, and for
the sake of judicial economy, the court will construe document
no. 14-1 (the proposed amended motion for consideration) to be a
supplement to plaintiffs' original motion for consideration and
will address in this order the arguments raised in both filings.


II.  Motion to Seal

ECMC objects to plaintiffs' motion for consideration,
arguing that Sulloway should not be disqualified because Charles
is not the firm's current client and that Sulloway's former
representations of Charles are not substantially related to this
case so as to require disqualification.  ECMC's objection to the
motion for consideration, document no. 12, includes certain
details about Sulloway's past legal representation of Charles.
In addition, it includes as exhibits certain communications
between attorneys of the firm and Charles relating to their
attorney-client relationship.  ECMC asserts that some of the

information included with its objection and exhibits is therefore confidential, and it moves to seal both the objection and exhibits in their entirety. Plaintiffs object to the motion to seal, though their objection largely takes issue with the substance of ECMC's objection to their motion for consideration. They do not appear to request that the information in document no. 12 nor the exhibits themselves become public.

To overcome the strong presumption that the public should have access to judicial records, the parties must have compelling reasons. See Nat'l Org. for Marriage v. McKee, 649 F.3d 39, 70 (1st Cir. 2011); FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987). "Suffice to say that the interest in preserving a durable barrier against disclosure of privileged attorney-client information is shared both by particular litigants and by the public, and it is an interest of considerable magnitude." Siedle v. Putnam Investments, Inc., 147 F.3d 7, 11 (1st Cir. 1998). "Indeed, this is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." Id.

To the extent ECMC's objection to plaintiffs' motion for consideration, document no. 12, and exhibits attached thereto, reveal information that is subject to the attorney-client privilege, compelling reasons exist to keep the information from

the public domain.  Sealing the entire objection and each of the
exhibits, however, is not warranted because much of those
filings do not implicate the attorney-client privilege.  For
example, the objection contains several pages of legal argument.
It also contains the details of Sulloway's involvement with the
Marital Trust.  Not only do plaintiffs' filings, which are not
sealed, provide much of the same details, but ECMC also
correctly argues that the Marital Trust does not involve an
attorney-client relationship as discussed further infra.
Therefore, no compelling reasons exist to keep such information
from the public domain.

     For these reasons, the court grants ECMC's motion to seal
in part and denies it without prejudice in part.  ECMC shall
refile its objection and attached exhibits with limited
redactions consistent with this order.


III. Motion for Consideration

     Plaintiffs raise three separate purported conflicts of
interest which they contend require Sulloway's disqualification.
First, they argue that Charles is a current client of the firm
because one of the firm's attorneys, R. Carl Anderson, serves as
a co-trustee of the Marital Trust, of which Charles is a named

residual beneficiary.[3]  Second, a Sulloway attorney, John Garvey,
represented Charles in certain legal matters in 1987 and 1988.
And third, a Sulloway attorney, John Harrington, represented
Charles in a legal matter in 2014.  The court addresses each
purported conflict in turn.

Under Local Rule 83.5, DR-1, the "Standards for
Professional Conduct adopted by this court are the Rules of
Professional Conduct as adopted by the New Hampshire Supreme
Court, as the same may from time to time be amended by that
court and any standards of conduct set forth in these rules."
The New Hampshire Professional Conduct Rules include provisions
that, under certain circumstances, might require the
disqualification of a party's opposing counsel.  "A party
seeking disqualification of an opposing party's counsel bears a
heavy burden of proving facts required for disqualification."
Ponte v. Sage Bank, No. CA 14-115 S, 2014 WL 3942888, at *1
(D.R.I. Aug. 12, 2014) (internal quotation marks and citations
omitted); see Galvin v. Specialized Loan Servicing LLC, No. 15-
CV-386-JL, 2015 WL 10097218, at *2 (D.N.H. Dec. 9, 2015), report
and recommendation adopted, No. 15-CV-386-JL, 2016 WL 614406
(D.N.H. Feb. 16, 2016).

_____

[3] Prior to Anderson becoming a co-trustee of the Marital
Trust, a different Sulloway attorney, Charles F. Sheridan, had
been a co-trustee since the trust was created.

A.   The Marital Trust

Plaintiffs rely on New Hampshire Rule of Professional
Conduct 1.7 in support of their argument that Sulloway's
involvement in the Marital Trust requires its disqualification.
Rule 1.7 addresses conflicts of interest between attorneys and
current clients.  The rule provides, in relevant part:

> a) . . . a lawyer shall not represent a client if the
> representation involves a concurrent conflict of
> interest.  A concurrent conflict of interest exists
> if:
>
> (1) the representation of one client will be directly
> adverse to another client; or
>
> (2) there is a significant risk that the
> representation of one or more clients will be
> materially limited by the lawyer's responsibilities to
> another client, a former client or a third person or
> by a personal interest of the lawyer.

N.H. R. Prof. Conduct 1.7(a).  Plaintiffs argue that Charles is
a current Sulloway client because he is a residual beneficiary
of the Marital Trust, of which a Sulloway attorney is a co-
trustee.  Plaintiffs argue that, as such, Sulloway's
representation of ECMC is a concurrent conflict of interest and
requires Sulloway's disqualification.  ECMC disagrees, arguing
that Charles's status as the residual beneficiary of the Marital
Trust does not make Charles a current client of Sulloway and,
therefore, does not implicate Rule 1.7.

7

There is no dispute that Charles, through his status as a residual beneficiary of the Marital Trust, has had contact with certain Sulloway attorneys at various points since the Marital Trust was established.[4]  But the law does not support plaintiffs' contention that this relationship makes Charles a current client of the firm.

First, as ECMC notes, plaintiffs do not suggest that any Sulloway attorney has served or is serving as legal counsel to the Marital Trust or its beneficiaries.  Rather, Attorney Anderson, and formerly Attorney Sheridan, have served as the co-trustee of the Marital Trust along with Norman R. LeBlanc, a certified public accountant and a non-lawyer who is unaffiliated with Sulloway.  Thus, it does not appear that Sulloway represents the Marital Trust as its attorney.  By extension, Sulloway does not represent the Marital Trust's beneficiaries.

Even assuming that Sulloway does represent the Marital Trust as its attorney, that does not make Charles a client of the firm.  An attorney's representation of a trust, without more, does not create an attorney-client relationship between the attorney and the trust's beneficiaries.  See, e.g., Witzman

---

[4] Plaintiffs assert, and ECMC does not dispute, that Charles and his siblings met personally with Attorney Sheridan when the Marital Trust was created and received correspondence when Attorney Anderson replaced him.

v. Gross, 148 F.3d 988, 990 (8th Cir. 1998); Young v. Vrechek, No. CV 09-00403 SOM-BMK, 2013 WL 4479198, at *3-4 (D. Haw. Aug. 19, 2013) (citing cases).

The court is sympathetic to plaintiffs' position. But Charles's status as a residual beneficiary of a trust for which a Sulloway attorney serves as a co-trustee does not make Charles a client of Sulloway. Therefore, Rule 1.7 of the Rules of Professional Conduct is inapplicable.

B.    Sulloway's Prior Representation of Charles

In their motion for consideration, plaintiffs state that Sulloway has represented Charles "not less than 3 times," with the "most recent being John Harrington in 2014." Doc. no. 5 at 2. They include as exhibits to their motion recent emails between Charles and a Sulloway attorney, in which Charles states that he was represented by John Garvey in 1987/1988 and John Harrington in 2014. Id. at 9. Plaintiffs provide no other details on Sulloway's representation of Charles but argue that because Charles is a former Sulloway client, Sulloway cannot represent ECMC in this case. They cite Rule 1.9, entitled "Duties to Former Clients," in support of their argument.

Rule 1.9(a) provides:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person

in the same or a substantially related matter in which
that person's interests are materially adverse to the
interests of the former client unless the former
client gives informed consent, confirmed in writing.

"A Rule 1.9 violation is established by proof of four elements."

Sullivan Cty. Reg'l Refuse Disposal Dist. v. Town of Acworth,

141 N.H. 479, 481 (1996).

First, there must have been a valid attorney-client
relationship between the attorney and the former
client. Second the interests of the present and former
clients must be materially adverse.  Third, the former
client must not have consented, in an informed manner,
to the new representation.  Finally, the current
matter and the former matter must be the same or
substantially related.

Galvin, 2015 WL 10097218, at *2 (quoting Sullivan, 141 N.H. at

481-82).

### 1.    John Garvey's Representations

In its objection to plaintiffs' motion, ECMC states that a

review of Sulloway's records and conflict systems shows that

Attorney Garvey represented Estes in two matters: "Estes,

Charles & Betty v. Bardell, Jennifer" and "New Hampshire, State

of v. Estes, Charles."  According to Sulloway's records, the

matters were opened in 1989 and closed in 1995, though Sulloway

notes that the 1995 "closing date" is the date the matter was

administratively closed in Sulloway's records system, and the

representation may have concluded much earlier.  Sulloway states

that it has no further records regarding either matter, and that Attorney Garvey is no longer a member of the firm.

Based on the parties' filings, and as conceded by ECMC, plaintiffs can show the first three elements of a Rule 1.9 violation.  There was a valid attorney-client relationship between a Sulloway attorney, John Garvey, and Charles; the interests of ECMC and Charles are materially adverse in this case; and Charles does not consent to Sulloway's representation of ECMC in this matter.

Plaintiffs have not shown, however, that the matters in which Garvey represented Charles and the current case are the same or "substantially related."

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.

Galvin, 2015 WL 10097218, at *4 (quoting N.H. R. Prof. Conduct 1.9(a), 2004 ABA Model Code cmt. [3]).

Plaintiffs do not argue that the two matters in which Attorney Garvey represented Charles are substantially related, or related in any way, to the instant lawsuit.  Indeed, plaintiffs allege in their complaint that they met in 2001, well after Garvey's representation ended, and their first contact

with ECMC was in 2016.  Therefore, plaintiffs have not shown
that the instant lawsuit, which deals with ECMC's alleged
actions to collect on a debt owed by Alia Estes, is
substantially related to those matters.

2.    John Harrington's Representation

Other than stating that Attorney Harrington represented
Charles in 2014, plaintiffs offer no details as to the subject
matter of that representation.  In its objection, ECMC states
that Attorney Harrington represented Charles's sole
proprietorship, OEM-Tech ("OEM"), for the purpose of drafting
and sending a demand letter to settle certain claims arising out
of a business dispute OEM had with another entity involving work
OEM had performed.  Approximately three weeks after hiring
Attorney Harrington, Charles informed Harrington that he would
be proceeding with the matter pro se.

As with the Garvey representation, plaintiffs have not
shown that the Harrington representation is substantially
related, or related in any way, to the instant lawsuit.
Therefore, Rule 1.9 is inapplicable.

C.    Rule 1.6

Plaintiffs also reference Rule 1.6 in their motion for consideration.  Rule 1.6 provides in relevant part: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b)."  N.H. R. Prof. Conduct 1.6(a).

In their motion, plaintiffs include one sentence concerning Rule 1.6.  They state:

> Plaintiffs argue that Pursuant to Rule 1.6, the Firm, having a prior and ongoing relationship of representation of Charles Estes, and arguably by extension Alia Estes, has an obligation of "Confidentiality" to protect records and any knowledge the Firm obtained about, or related to, Plaintiff(s) that does not meet the rules of exception.

Doc. no. 14-1 at 2-3.  As plaintiffs state, Sulloway must comply with the confidentiality obligations in Rule 1.6.  But they have not shown that Sulloway's representation of ECMC in this case would implicate Rule 1.6 or that the rule prohibits Sulloway's involvement in this case.  Therefore, to the extent plaintiffs seek to rely on Rule 1.6 to disqualify Sulloway, that argument is misplaced.

D.    Summary

Charles's status as a residual beneficiary to the Marital
Trust does not make him a current client of Sulloway.  Although
Estes retained Sulloway in the past, none of those matters is
substantially related to the instant lawsuit.  Plaintiffs have
not shown any basis to disqualify Sulloway from representing
ECMC in this lawsuit.  Therefore, plaintiffs' motion for
consideration is denied.


IV.  Motion to Remand

Plaintiffs brought this suit in Merrimack County Superior
Court on June 18, 2019.  See doc. no. 1-1 at 18-35.  ECMC
removed the case to this court on August 6, 2019.

Plaintiffs move to remand the case to Superior Court.
Viewed generously, plaintiffs raise three grounds in their
motion: 1) ECMC has not shown that diversity jurisdiction
exists; 2) ECMC failed to notify the court of plaintiffs'
pending motion for a preliminary injunction; and 3) ECMC's
removal was untimely.

The first two grounds plaintiffs raise are insufficient on
their face to show that remand is required.  With regard to
diversity jurisdiction, ECMC removed the case on the basis of
federal question jurisdiction because plaintiffs asserted claims

14

arising under federal law.  See 28 U.S.C. § 1331.  Plaintiffs do
not dispute, and indeed reassert in their motion, that they have
asserted both state and federal claims against ECMC.  Therefore,
the existence of diversity jurisdiction or lack thereof is not
relevant.

With regard to plaintiffs' motion for a preliminary
injunction, plaintiffs do not show that their motion has any
bearing on ECMC's right to remove the case to this court.  Local
Rule 81.1(b) provides that if "a motion is pending and undecided
in the state court at the time of removal, it will not be
considered unless and until the moving party refiles the motion
with this court."  Thus, the local rules of this district
specifically contemplate removal during the pendency of a
motion, and plaintiffs may refile the motion in this court to
the extent it remains pending.[5]

In addition, ECMC did not fail to disclose plaintiffs'
motion for a preliminary injunction.  As required by Local Rule
81.1(c), ECMC filed a copy of all records and proceedings from
the Superior Court.  See doc. no. 1-1.  Plaintiffs' motion for a
preliminary injunction was included in that filing.  See id. at

---

[5] The court notes for the sake of clarity that the Superior
Court denied plaintiffs' motion for a preliminary injunction on
an ex parte basis.  Doc. no. 1-1 at 14.  The Superior Court
stated that it would address the motion after the defendant had
been properly served and had an opportunity to respond.  Id.

13-14.  Further, ECMC referenced plaintiffs' motion for a
preliminary injunction in its notice of removal.  Id. at 2 n.2.
Therefore, plaintiffs' arguments as to their motion for a
preliminary injunction are misplaced.

Plaintiffs' third ground for relief—that ECMC's removal was
untimely—requires further analysis.  A party removing a civil
action to federal court must file a notice of removal

> within 30 days after the receipt by the defendant,
> through service or otherwise, of a copy of the initial
> pleading setting forth the claim for relief upon which
> such action or proceeding is based, or within 30 days
> after the service of summons upon the defendant if
> such initial pleading has then been filed in court and
> is not required to be served on the defendant,
> whichever period is shorter.

28 U.S.C. § 1446(b).  "The defendant seeking removal bears the
burden of establishing that the defendant has complied with the
removal procedures."  Optical Sols., Inc. v. Nanometrics, Inc.,
No. 17-CV-429-JL, 2018 WL 3036419, at *1 (D.N.H. Feb. 9, 2018)
(internal quotation marks and citations omitted).

In its notice of removal, dated August 6, 2019, ECMC
states:

> This Notice of Removal is timely in that ECMC retained
> the undersigned's firm as local counsel on July 9,
> 2019, a lawyer from the undersigned's firm emailed Mr.
> Estes and offered to accept service on behalf of ECMC
> on July 10, 2019, and Plaintiffs purportedly
> effectuated service on July 11, 2019.

Doc. no. 1 at ¶ 6.  In their motion to remand, plaintiffs dispute the July 11 date referenced in the notice of removal. They assert that ECMC received notice of this suit on June 28, 2019.  In support, they point to an email they sent to certain ECMC employees on that date, including its in-house counsel, which attached "copies of the Service Documents provided by the State of New Hampshire, Superior Court, Merrimack Cty., N.H." Doc. no. 6 at 19.  They argue that they properly served ECMC or, in the alternative, that ECMC otherwise received a copy of the initial pleading, on June 28.  Because June 28 is more than thirty days before ECMC removed the case to this court, plaintiffs argue that removal is untimely, and the case should be remanded.

### A.    Receipt of the Initial Pleading

ECMC does not dispute that Estes emailed certain ECMC employees a copy of the complaint and summons on June 28, 2019. See doc. no. 6 at 20-21.  It argues, however, that the Supreme Court has rejected the so-called "receipt rule" and that the 30-day removal window does not begin to run until a plaintiff properly serves a defendant.  The court agrees.

In Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the Supreme Court discussed the phrase, "receipt by

the defendant, through service or otherwise" in § 1446(b). The
court concluded that the "service or otherwise language . . .
was not intended to bypass service as a starter for § 1446(b)'s
clock." Id. at 355. The court reasoned that Congress could not
have intended "to set removal apart from all other responsive
acts, to render removal the sole instance in which one's
procedural rights slip away before service of a summons, i.e.,
before one is subject to any court's authority." Id. at 356.
Thus, "a defendant's statutory period to remove does not begin
to run . . . until the defendant has been served." Novak v.
Bank of New York Mellon Trust Co., NA, 783 F.3d 910, 911 (1st
Cir. 2015)

Therefore, the fact that ECMC apparently had notice of
plaintiffs' lawsuit on June 28, 2019 does not affect its 30-day
timeline for removal under § 1446(b).

B.   Service

The complaint alleges that ECMC is a Minnesota corporation.
Therefore, as plaintiffs agree, service is governed by New
Hampshire's long-arm statute, N.H. Rev. Stat. Ann. ("RSA") §
510:4. Thus, the question for the court is when service
occurred under RSA 510:4 for purpose of the federal removal
statute.

RSA 510:4, II provides that service "may be made by leaving a copy" of the summons and complaint with the Secretary of State. "While such service 'is of the same legal force and effect as if served on the defendant,' such effect is predicated on a subsequent proviso clause, which requires: 1) notice of that service to the defendant; and 2) proof provided to the court of the defendant's receipt of the service." Nanometrics, 2018 WL 3036419, at *2 (quoting RSA 510:4, II). "'Strict compliance' with the statute's provisions is required to effect service." Id. (quoting Impact Foods Sales, Inc. v. Evans, 160 N.H. 386, 391 (2010)). Thus, courts "take literally the requirement in section 510:4, II," that a plaintiff must provide notice to a defendant of service on the Secretary of State for service to be complete. Id. at *3 (quoting M&K Welding v. Leasing Partners, LLC, 386 F.3d 361, 363-64 (1st Cir. 2004)).

In light of these principles, ECMC's time to remove did not begin to run until it received formal notice of service on the Secretary of State. Plaintiffs' motion and exhibits attached thereto show that the earliest plaintiffs served the Secretary of State was July 8, 2019. Therefore, the earliest plaintiffs could have provided notice to ECMC of such service was on that same date.

Plaintiffs state in their motion that they obtained a receipt from the New Hampshire Department of State for $10, and that this receipt, which references ECMC, proves that they served the Secretary of State by hand delivery.  Doc. no. 6 at 5.  They note that they included the receipt to the Merrimack County Superior Court as proof that they complied with RSA 510:4 and properly effected service.  Id.  The receipt, which is included as Exhibit A to plaintiffs' motion, is dated July 8, 2019.  Doc. no. 6 at 18.

Assuming that plaintiffs properly served the Secretary of State and provided notice to the court on July 8, 2019,[6] that action does not start the 30-day clock for ECMC to remove.  Rather, the clock does not begin to run until plaintiffs provide notice to ECMC of such service.  Even if plaintiffs provided notice to ECMC on July 8, 2019, which is not supported by the record in any event, July 8 is 29 days before ECMC removed the case to this court on August 6.  Therefore, ECMC has carried its burden to show that it filed its notice of removal within 30

---

[6] Plaintiffs also include as exhibits to their motion July 12, 2019 messages from the Merrimack County Superior Court rejecting plaintiffs' attempted proof of service on the Secretary of State because the receipt was "not a return of service," as required.  Doc. no. 6 at 16.  Thus, it is unclear whether plaintiffs properly served the Secretary of State on July 8, 2019.

days of the date it received notice that plaintiffs had served the Secretary of State.

Plaintiffs argue in the alternative that their June 28, 2019 email to ECMC employees should be considered the date of service under RSA 510:4, V. That section provides: "The method of service provided by this section is not exclusive and service on nonresident individuals may be made in any other manner provided by law." Plaintiffs assert that "[e]lectronic message is an acceptable legal means of service in Minneapolis, MN where ECMC Group, Inc. is located" and, as such, their June 28, 2019 email should be considered the date of service.

Assuming that e-mail is an acceptable means of service in Minnesota, that fact is not relevant to plaintiffs' argument. RSA 504:10, V does not authorize a plaintiff to serve a non-resident defendant in a manner permissible under another state's law. See S. Down Recreation Ass'n v. Moran, 141 N.H. 484, 488 (1996). Rather, it authorizes a plaintiff to serve a non-resident defendant in another manner provided by New Hampshire law. See id. (holding that because the plaintiff failed to comply with RSA 510:4, II or any other New Hampshire statute permitting service on a nonresident defendant, plaintiff had failed to properly serve the defendant). Therefore, Charles's

email to ECMC did not constitute service or start the 30-day clock for ECMC to remove.

For these reasons, ECMC has carried its burden to show that removal was timely.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to file an amended motion for consideration (doc. no. 14) is granted, and the court considers the proposed amended motion to be a supplement to plaintiffs' original motion for consideration. Plaintiffs' motion to remand (doc. no. 5) and motion for consideration (doc. no. 6) are denied. ECMC's motion to seal (doc. no. 13) is granted in part and denied without prejudice in part. ECMC shall file a redacted version of their objection and attached exhibits in accordance with this order on or before October 23, 2019.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

October 9, 2019

cc: Alia G. Estes, pro se
    Charles R. Estes, pro se
    Kevin M. O'Shea, Esq.