UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles R. Estes et al

    v.                                          Civil No. 19-cv-822-LM
                                                           Opinion No. 2021 DNH 003 P
ECMC Group, Inc.

**O R D E R**

Pro se plaintiffs Charles R. Estes (d/b/a OEM-Tech) and Alia G. Estes bring this action against defendant Education Credit Management Corporation ("ECMC"), alleging that ECMC violated federal and state laws in attempting to collect Alia's student loan debt. Presently before the court is plaintiffs' motion for a ruling of default (doc. no. 45). Plaintiffs assert that ECMC committed a fraud on the court by falsifying evidence and seek the entry of a default judgment as a sanction. ECMC objects and seeks an award of costs and attorneys' fees incurred in responding to plaintiffs' motion (doc. no. 48). For the following reasons, the court denies plaintiffs' motion as well as ECMC's request for costs and attorneys' fees.

**DISCUSSION**

The court first addresses the plaintiffs' motion for a ruling of default, then turns to ECMC's request for costs and attorneys' fees.

I. <u>Plaintiffs' Motion for Default</u>

The court has inherent authority to enter a default judgment to sanction a litigant who commits a fraud on the court. Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1119 (1st Cir. 1989). However, plaintiffs "must surmount a 'high bar' to obtain relief for [a] fraud on the court." Glenwood Farms, Inc. v. O'Connor, 666 F. Supp. 2d 154, 177 (D. Me. 2009) (quoting United States v. 6 Fox St., 480 F.3d 38, 46 (1st Cir. 2007)); see also 6 Fox. St., 480 F.3d at 47 ("Even such an offense as perjury may not suffice—instead the type of conduct that would qualify as 'fraud on the court' must be something on the order of bribing a judge.").

To demonstrate that ECMC committed a fraud on the court, plaintiffs must show by clear and convincing evidence that ECMC intentionally engaged in an unconscionable attempt to improperly influence the court or unfairly hamper plaintiffs' case. <u>See</u> Aoude, 892 F.2d at 1118; <u>see</u> <u>also</u>, e.g., Hull v. Mun. of San Juan, 356 F.3d 98, 102 (1st Cir. 2004) (plaintiff committed a fraud on the court because he "lie[d] substantially and materially in the course of discovery"). Although entry of default "need not be preceded by other, less drastic sanctions, it is an extreme remedy, and should not lightly be engaged." Aoude, 892 F.2d at 1118. Indeed, because entry of a default judgment "sounds 'the death knell of the lawsuit,' district courts must reserve such strong medicine for instances where the defaulting party's conduct is correspondingly egregious." Id. (quoting Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983)).

2

Plaintiffs assert that the court should enter a default judgment against ECMC because ECMC: (1) fabricated documents relating to Alia's student loan; (2) presented false testimony a sworn affidavit from an ECMC employee; and (3) entered false data into the National Student Loan Data System ("NSLDS"). See doc. no. 45 at 5. The court addresses these contentions in turn.

A.    Fabricated Documents

In November 2017—prior to commencement of this action—plaintiffs corresponded with ECMC by requesting that ECMC substantiate its claim that it was the guarantor of Alia's student loan. ECMC responded by, among other things, producing various documents, including a document that ECMC claimed was a summary of Alia's loan, and another document that ECMC claimed was Alia's original loan application.

Plaintiffs claim that both documents were falsified. Regarding the loan summary, plaintiffs claim that ECMC fabricated this document to state that "ECMC-CA" was the original guarantor of Alia's loan. Plaintiffs contend that ECMC admitted it fabricated the loan summary by stating in a subsequent letter that the California Student Aid Commission ("CSAC") was the loan's original guarantor.[1] As for the loan application, plaintiffs assert that ECMC falsified this

---

[1] Plaintiffs also appear to argue that the subsequent letter was fabricated because it contained "several assertions that the Estes . . . knew to be false." Doc. no. 45 at 8.

3

document by affixing to it a "True and Exact" stamp in "an attempt to deceive Alia Estes into accepting this document without questioning its authenticity." Doc. no. 45 at 7-8. Plaintiffs claim that ECMC committed additional falsification when it supplied plaintiffs with another copy of the purported loan application in discovery, this time without the "True and Exact" stamp. As with the loan summary, plaintiffs claim that ECMC admitted falsification by providing additional documents contradicting its claim that the loan application bearing the "True and Exact" stamp was an accurate copy of Alia's original loan application.

Plaintiffs have failed to show by clear and convincing evidence that ECMC intentionally fabricated these documents in an attempt to improperly influence the court or unfairly hamper the plaintiffs' case. See Aoude, 892 F.2d at 1118. At bottom, plaintiffs' claims of falsification boil down to assertions that certain documents provided by ECMC contain inaccuracies and that the documents contradict each other. These contentions go to the documents' accuracy and reliability; they do not demonstrate by clear and convincing evidence that ECMC intentionally falsified the documents, let alone that they did so in an attempt to perpetrate a fraud on the court. See Phinney v. Paulshock, 181 F.R.D. 185, 197-98 (D.N.H. 1998).

Plaintiffs also claim that ECMC fabricated new documents after this court's ruling on the parties' cross-motions to dismiss (doc. no. 34). They claim that ECMC "altered . . . evidence" in an attempt to shield its collections activities from the court. Doc. no. 45 at 11. Specifically, they contend that ECMC provided plaintiffs

4

with a new loan summary in discovery that contained headings and information that differ from the headings and information contained in the November 2017 loan summary. Plaintiffs note that the original loan summary contains columns for "Fees Balance," "Prior Collections Costs," and "Collections Costs"," whereas the new loan summary contains only a column for "Fees and Costs Balance." Plaintiffs assert that ECMC altered the titles and number of columns in the new loan summary to hide its collections activities. Plaintiffs also note that the two loan summaries contain conflicting information regarding the loan's principal balance, among other things.

Plaintiffs fail to demonstrate that ECMC fabricated the new loan summary in an attempt to deceive the court or unfairly hamper their case. Apart from pointing out the fact that the two summaries differ in certain respects, plaintiffs offer only speculation as to the reason that they differ. There is no evidence that ECMC intentionally altered the loan summary to hide evidence from the court or the plaintiffs. Thus, plaintiffs have failed to demonstrate by clear and convincing evidence that ECMC's production of the new loan summary in discovery amounts to a fraud on the court. See Aoude, 892 F.2d at 1118.

B. Presenting False Testimony in an Affidavit

ECMC previously filed a motion to dismiss in this litigation. In support of its motion, ECMC submitted an affidavit prepared by Colleen Yanez, Litigation Specialist for ECMC. Doc. no. 23-1. Yanez states in the affidavit that the same

5

loan application plaintiffs claim ECMC fabricated is "a true and accurate copy" of Alia's original loan application. Id. at ¶ 12. As with plaintiffs' claim that ECMC fabricated documents, plaintiffs state that ECMC's submission of Yanez's affidavit entitles plaintiffs to a default judgment because the affidavit is contradicted by other documents. However, while plaintiffs may take issue with the affidavit's accuracy or reliability, they have failed to demonstrate by clear and convincing evidence that ECMC submitted it in an unconscionable attempt to improperly influence the court or hamper plaintiffs' case. See Aoude, 892 F.2d at 1118.

C. Entering False Data in NSLDS

NSLDS is the United States Department of Education's database for student aid. It receives data on student loans from various sources, including guaranty agencies, and provides centralized access to loan information. Plaintiffs allege that ECMC falsified NSLDS by altering the database to state that "ECMC-CA" was the original guarantor of Alia's loan. However, plaintiffs submit no evidence, apart from speculation, in support of this contention. They have therefore failed to demonstrate that ECMC committed a fraud on the court by falsifying NSLDS. See Aoude, 892 F.2d at 1118.

D. Conclusion

Because the plaintiffs have failed to demonstrate that ECMC committed a fraud on the court, the court declines to sanction ECMC by entering a default judgment. Plaintiffs' motion for a ruling of default is denied.

II. ECMC's Request for Attorney's Fees

ECMC seeks an award of costs and attorneys' fees it incurred in responding to plaintiffs' motion for a default judgment. Generally, "attorneys' fees are not recoverable by a party unless statutorily or contractually authorized." Mullane v. Chambers, 333 F.3d 322, 337 (1st Cir. 2003). However, a court has the inherent power to award attorneys' fees against a party that has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995) (quoting Chambers v. NASCO, Inc., 501 U.S. 42, 45-46 (1991)). The court must exercise great restraint in awarding attorneys' fees for bad faith conduct, and should award fees only sparingly and for egregious circumstances. Mullane, 333 F.3d at 338 (quotation omitted).

Here, the court does not find that these pro se plaintiffs filed their motion for default in bad faith or for vexatious, wanton, or oppressive reasons. Plaintiffs state that they had concerns about the accuracy of ECMC's litigation materials and that they contacted the American Bar Association for direction as to how to make the court aware of their concerns. According to plaintiffs, it was suggested that a motion for default may be an appropriate procedural mechanism to bring this issue

7

to the court's attention.  In these circumstances, the court finds that these pro se plaintiffs acted in good faith.  ECMC's request for costs and attorneys' fees is therefore denied.

## CONCLUSION

Plaintiffs' motion for a ruling of default (doc. no. 45) is denied, as is ECMC's request for costs and attorneys' fees incurred in responding to plaintiffs' motion (doc. no. 48).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 6, 2021

cc: Chares R. Estes, pro se
    Alia G. Estes, pro se
    Counsel of Record.